UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAY PARKER LUNT DRESSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00317-DBH |
| | ) | |
| STATE OF MAINE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915

In this action, Plaintiff seeks relief in this Court against the State of Maine and potentially other defendants, evidently based on the fact that he is in the custody of the State as the consequence of state court proceedings.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 11.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).[1]

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

---

[1] Plaintiff's complaint is also potentially subject to screening pursuant to 28 U.S.C. § 1915A, the Prison Litigation Reform Act. However, Plaintiff is at present committed to the custody of the Dorothea Dix Hospital. (Plaintiff's Notice of Change of Address, ECF No. 8.) It is not clear from Plaintiff's filings whether his commitment is at present based on criminal proceedings or civil commitment proceedings. If he is committed pursuant to civil process, the PLRA may not apply. *Rondeau v. State*, 201 F.3d 428 (1st Cir. 1999) (table).

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the

defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## BACKGROUND

In his complaint, Plaintiff identifies a number of state court criminal docket numbers and asserts he was falsely arrested. Plaintiff has joined the State of Maine as a defendant, and possibly attempts to assert a claim against other individuals and entities, including some governmental officers. (Complaint, ECF No. 1; Addendum / Motion, ECF No. 3.)

Sometime after he filed his complaint, Plaintiff was admitted to the Dorothea Dix Hospital, a State of Maine mental health facility. (Plaintiff's Notice of Change of Address, ECF No. 8.) Plaintiff asserts he is unsafe at the hospital, and that his rights have been violated. (*Id*.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN*, *Inc*., 644 F.3d 62, 67 (1st Cir. 2011).

Through his filings, Plaintiff evidently challenges his ongoing detention, which apparently is the result of state court proceedings. Plaintiff, however, has not asserted any

3

facts that would support a claim within this Court's subject matter jurisdiction. Principally, Plaintiff has attempted to assert a claim against the State of Maine. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, over claims against persons exercising state authority, section 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").[2]

To the extent Plaintiff intended to assert a claim against a state official, a local municipality, or any other governmental employees or officials, Plaintiff has failed to allege any facts that would support an actionable claim. Rather, his complaint consists of conclusory statements and a general request for release. A conclusory allegation, even one that complains of a violation of a federal right, is insufficient to state an actionable claim.

---

[2] Eleventh Amendment immunity may be waived by a state in some circumstances. For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity under the Eleventh Amendment to causes of action expressly authorized by Congress in the context of such programs. *See*, *e.g.*, *Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014). Plaintiff has not alleged any facts that would raise such a claim.

*Aschroft v. Iqbal*, 556 U.S. 662, 680 – 81 (2009).  Accordingly, dismissal of Plaintiff's complaint is warranted.

**CONCLUSION**

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of October, 2018.